UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL PATRICK WILLIS,

               Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

               Defendant.

CASE NO. 13-cv-5211-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

States Magistrate Judge, ECF No.4 ). This matter has been fully briefed (*see* ECF Nos.

12, 13, 14).

      After considering and reviewing the record, the Court finds that the ALJ erred in

his review of the lay evidence. As the lay evidence included the opinion that plaintiff

could not pay attention for more than a few minutes; had difficulty following spoken instructions; and had other limitations not included into plaintiff's RFC, this error is not harmless error.

Therefore, this matter shall be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, DARREL PATRICK WILLIS, was born in 1970 and was 36 years old on the alleged date of disability onset of January 1, 2007 (*see* Tr. 197-98, 199-202). Plaintiff obtained his GED while incarcerated in a youth facility (Tr. 50). Plaintiff has some job experience as a warehouse worker; worker in the automotive department of a retail store; pizza deliverer; cashier in a mini-mart; and has experience putting tires on aircraft (Tr. 56-58).

Plaintiff has at least the severe impairments of "drug and alcohol addiction, an affective disorder, anxiety, panic disorder with agoraphobia, posttraumatic stress disorder (PTSD), right knee pain with a history of anterior cruciate ligament (ACL) repair, back strain with a history of lower back pain, status post left rotator cuff shoulder surgery, left wrist sprain, gastroesophageal reflux disease (GERD), obesity and plantar fasciitis (20 CFR 404.1520(c) and 416.920(c))" (Tr. 20).

At the time of the hearing, plaintiff was living with his girlfriend in a motor home next to a house lived in by the owner and two other people (Tr. 48-49, 65).

1

<u>PROCEDURAL HISTORY</u>

2

On January 26, 2010, plaintiff filed an application for disability insurance ("DIB")

3

benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI")

4

benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr.

5

197-98, 199-202). The applications were denied initially and following reconsideration

6

(Tr. 132-38, 142-46). Plaintiff's requested hearing was held before Administrative Law

7

Judge Rudy (Rudolph) M. Murgo ("the ALJ") on August 1, 2011 (*see* Tr. 42-91). On

8

August 8, 2011, the ALJ issued a written decision in which he concluded that plaintiff

9

was not disabled pursuant to the Social Security Act (*see* Tr. 15-41).

10

On January 23, 2013, the Appeals Council denied plaintiff's request for review,

11

making the written decision by the ALJ the final agency decision subject to judicial

12

review (Tr. 1-4). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

13

seeking judicial review of the ALJ's written decision in March, 2013 (*see* ECF No. 1).

14

Defendant filed the sealed administrative record regarding this matter ("Tr.") on June 5,

15

2013 (*see* ECF Nos. 9, 10).

16

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or

17

not the ALJ committed harmful error when evaluating the lay evidence; (2) Whether or

18

not the ALJ committed harmful error when evaluating the medical evidence; (3) Whether

19

or not the ALJ committed harmful error when evaluating plaintiff's credibility; and (4)

20

Whether this matter should be reversed and remanded for further administrative

21

proceedings or for an award of benefits (*see* ECF No. 12, pp. 4-16).

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 3

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not

substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

1

<u>DISCUSSION</u>

2

**1.  Whether or not the ALJ committed harmful error when evaluating the lay evidence.**

3

4

Pursuant to the relevant federal regulations, in addition to "acceptable medical

5

sources," that is, sources "who can provide evidence to establish an impairment," 20

6

C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members,

7

who are defined as "other non-medical sources" and "other sources" such as nurse

8

practitioners, therapists and chiropractors, who are considered other medical sources, *see*

9

20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1223-

10

24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR"

11

06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion

12

evidence provided by "other sources," characterized by the Ninth Circuit as lay

13

testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner,*

14

*supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see*

15

*also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in

16

determining whether or not "a claimant is disabled, an ALJ must consider lay witness

17

testimony concerning a claimant's ability to work." *Stout v. Commissioner*, *Social*

18

*Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*,

19

12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and

20

(e)).

21

22

The Ninth Circuit has characterized lay witness testimony as "competent

23

evidence," noting that an ALJ may not discredit "lay testimony as not supported by

24

1  medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009)

2  (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Testimony from "other

3  non-medical sources," such as friends and family members, *see* 20 C.F.R. § 404.1513

4  (d)(4), may not be disregarded simply because of their relationship to the claimant or

5  because of any potential financial interest in the claimant's disability benefits. *Valentine*

6  *v. Comm'r SSA*, 574 F.3d 685, 694 (9th Cir. 2009) (*citing Dodrill v. Shalala*, 12 F.3d

7  915, 918-19 (9th Cir. 1993). In addition, according to the Ninth Circuit, absent "evidence

8  that a specific [lay witness] exaggerated a claimant's symptoms *in order* to get access to

9  his disability benefits," an ALJ may not reject that witnesses' testimony with a general

10  finding that the witness is "an 'interested party' in the abstract." *Id.*

11  

12  Here, the ALJ discussed briefly the lay evidence offered by plaintiff's girlfriend,

13  Cheryl Jenning on March 13, 2007 (*see* Tr. 29-30; *see also* Tr. 258-66). However, the

14  ALJ rejected her opinion "as to the claimant's alleged limitations and capabilities,"

15  concluding that "Ms. Jenning lacks the expertise objectively to evaluate the claimant's

16  medical conditions [and] [i]nstead, the statements regarding what the claimant is capable

17  of doing are based on the claimant's subjective pain complaints and statements regarding

18  the alleged symptoms and limitations" (Tr. 30).

19  

20  However, an ALJ may not discredit "lay testimony as not supported by medical

21  evidence in the record," and cannot reject lay testimony simply because it is not offered

22  by an acceptable medical source. *See Bruce*, *supra*, 557 F.3d at 1116 (*citing Smolen*,

23  *supra*, 80 F.3d at 1289). Therefore, the ALJ's rejection of the lay opinion of Ms. Jenning

24  on the basis of a lack of medical expertise is legal error.

The ALJ cites no evidence in support of the finding that Ms. Jenning's lay opinion was "based on the claimant's subjective pain complaints and statements regarding the alleged symptoms and limitations" (Tr. 30). Ms. Jenning indicated that plaintiff lived with her and indicated that they spent every day together (*see* Tr. 258).  Therefore, she had ample opportunity to observe plaintiff and his limitations, in addition to what plaintiff may had told her. Therefore, this is not a germane reason for rejecting her observations.

For the stated reasons and based on the relevant record, the Court concludes that the ALJ's finding that Ms. Jenning based her opinion on plaintiff's complaints is not based on substantial evidence in the record as a whole.

The Court will not reverse a decision by an ALJ in which the errors are harmless and do not affect the ultimate decision regarding disability; however, such is not the case here. *See Molina, supra*, 674 F.3d at 1117-22; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009). Here, Ms. Jenning opined, among other opinions, that plaintiff only could pay attention for a few minutes at a time (Tr. 263). She also opined that he does not follow spoken instructions well or get along well with authority figures (*see id.*). Ms. Jenning indicated that plaintiff does not handle stress well, and has difficulties with changes in routine unless they are in writing and he knows about them ahead of time (*see* Tr. 264). She indicated that he does not like to be alone and that he has a fear of large crowds (*see id.*).

1    The ALJ failed to include any of these limitations into plaintiff's RFC.

2    Accommodating such limitations into the RFC may lead to a different disability

3    determination. Hence, the ALJ's error here is not irrelevant to the disability determination

4    and is not harmless error. *See Molina, supra*, 674 F.3d at 1117-22; *see also* 28 U.S.C. §

5    2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009). Therefore, this matter shall be

6    reversed and remanded for further administrative consideration.

7         **2.   Whether or not the ALJ committed harmful error when evaluating the
            medical evidence.**

8

9         Because the Court already has concluded that the ALJ committed harmful error

10   when evaluating the lay evidence, the Court will not decide the issues raised by plaintiff

11   regarding the ALJ's review of the medical evidence. However, the Court notes that

12   defendant acknowledges that the form completed by Mr. Frank Glenn, M.A., LMHC,

13   "was modeled after the agency's Mental [RFC] Form and included the same twenty

14   mental activities to be rated on a scale of one to five; however, the form Mr. Glen

15   completed had different definitions for the five-point scale" (*see* Response, ECF No. 13,

16   p. 3 (internal citations, comparing Tr. 446-48 and Tr. 797-98)). Defendant acknowledges

17   that the "ALJ gave moderate weight to Mr. Glen's opinion, but did not appear to

18   appreciate that the form Mr. Glen completed had rating definitions that were different

19   from those used by the agency" (*id.*, p, 4 (*citing* Tr. 29)). Although defendant argues that

20   this was harmless error, even if harmless, this error should be corrected following remand

21   of this matter.

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 9

1  The Court also notes that Dr. Julie Frederick, Ph.D., whose opinion was given

2  great weight by the ALJ, testified that plaintiff's panic or depressive symptoms could

3  take him out of the workplace up to ten percent of the time (*see* Tr. 27-28, 81) and the

4  vocational expert ("VE") testified that if a person is absent two days a month they are not

5  employable in the national economy (*see* Tr. 89).  The record is ambiguous regarding

6  whether or not plaintiff's limitations are within the overlap generated by the testimony of

7  Dr. Frederick and the VE. This ambiguity, as well, should be clarified by the ALJ

8  following remand.

9      The ambiguities and errors make it less than clear whether or not the ALJ is

10  adopting or rejecting particular medical opinions and how the ALJ is formulating the

11  RFC.

12

13      The ALJ assigned to this matter following remand should endeavor to make clear

14  the weight given to particular medical opinions and "other medical" (lay) opinions.

15

16  **3.  Whether or not the ALJ committed harmful error when evaluating
        plaintiff's credibility**.

17      The Court already has concluded that this matter should be reversed and remanded

18  due to the ALJ's harmful error in reviewing the lay evidence, *see supra*, section 1, and

19  that the medical evidence requires further consideration, *see supra*, section 2. In addition,

20  a determination of a claimant's credibility relies in part on the assessment of the medical

21  evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility

22  should be assessed anew following remand of this matter.

23

24

**4. Whether this matter should be reversed and remanded for further administrative proceedings or for an award of benefits.**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. The ALJ's conclusions regarding the medical evidence and lay evidence require further elucidation. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

1   (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).    If the medical

2   evidence in the record is not conclusive, sole responsibility for resolving conflicting

3   testimony and questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d

4   639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir.

5   1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

6                                               CONCLUSION

7            The ALJ erred in reviewing the lay evidence, as the ALJ failed to provide germane

8   reasons for rejecting the lay opinions of plaintiff's girlfriend.

9            In addition, the medical evidence herein should be evaluated anew, with

10  clarification of any interpretation or translation of medical opinions or other medical

11

12  opinions.

13          Based on these reasons and the relevant record, the Court **ORDERS** that this

14  matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

15  405(g) to the Acting Commissioner for further consideration.

16          **JUDGMENT** should be for plaintiff and the case should be closed.

17          Dated this 24th day of March, 2014.

18

19

20          J. Richard Creatura
            United States Magistrate Judge

21

22

23

24